UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF  FLORIDA

PENSACOLA DIVISION

| UNITED STATES | | CASE NUMBERS: |
|---|---|---|
| V | | 3:08cr22/LAC/EMT |
| JAMES FREEMAN | | 3:13cv304/LAC/EMT |

### DEFENDANT'S NOTICE OF APPEAL AND REQUEST

### FOR A CERTIFICATE OF APPEALABILITY

Defendant/Petitioner James Freeman hereby appeals to
the Eleventh Circuit Court of Appeals the district court's
denial of his §2255 Motion to Vacate, Set Aside or Correct a
Sentence. Because the district court declined to issue a
Certificate of Appealability, Petitioner requests that the
Appeals Court do so.

### PROCEDURAL HISTORY

Petitioner timely filed a Motion to Vacate, Set Aside
or Correct a Sentence pursuant to 28 USC §2255, with
Memorandum, in May 2013. Petitioner requested an evidentiary
hearing in the original motion. The government filed a
Response in August 2013, and Petitioner filed a Reply in
November 2013. Petitioner repeated his request for an
evidentiary hearing in his Reply.

Petitioner filed a motion requesting the district court order discovery and compel Petitioner's trial and appellate counsel to file affidavits, in January 2014. Both counsel had refused Petitioner's prior requests for affidavits. The district court denied the motion.

Petitioner again requested an evidentiary hearing, in August 2014. The district court denied the motion. Petitioner then renewed his motions for discovery, affidavits and an evidentiary hearing in January, 2016, which the district court again denied. Petitioner filed a petition for Writ of Mandamus before this Court, which was denied.

The Magistrate Judge issued a Report and Recommendation in August 2016, denying an evidentiary hearing and recommending denial of the §2255 Motion. Petitioner timely filed detailed objections to the Report and Recommendation and requested a Certificate of Appealability be granted on several issues should the district court deny the Motion.

The district court adopted the Report and Recommendation in its entirety without comment, denied the Motion, and denied Petitioner's request for a Certificate of Appealability. This appeal ensued.

REQUEST FOR A CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") must be obtained before an appeal can be taken from the denial of a §2255 petition. 28 USC §2253. When the district court, as is the case here, has denied a COA, Fed.R.App.P. 22 provides that a COA may be requested from the court of appeals. "A substantial showing of the denial of a constitutional right" must be made before a COA will issue. 28 USC §2253(c)(2). This

requires a showing that "reasonable jurists could debate
whether ... the petition should have been resolved in a
different manner or that the issues presented were adequate to
deserve encouragement to proceed further." Slack v McDaniel,
529 US 473, 484 (2000). When the district court has denied a
claim on procedural grounds, then the petitioner must show
that "jurists of reason would find it debatable whether the
district court was correct in its procedural ruling." Id.

     To make a substantial showing, "obviously the
petitioner need not show that he should prevail on the merits.
He has already failed in that endeavor." Barefoot v Estelle,
463 US 880, 893 (1983). Rather, the petitioner need only show
that the petition contains an issue (1) that is "debatable
among jurists of reason"; (2) "that a court could resolve in
a different manner"; (3) that is "adequate to deserve
encouragement to proceed further; or (4) that is not squarely
foreclosed by statute, rule, or authoritative court decision
or "... [that is not] lacking any factual basis in the
record." Id at 893 n.9 and 894 (internal quotations and
citations omitted).

     Petitioner incorporates by reference the arguments in
his Motion, Memorandum, Reply and Objections. He will not
repeat all of his arguments here, but simply note key points.

     Because the district court adopted the Magistrate
Judge's Report and Recommendation in its entirety, Petitioner
will consider it to be the ruling of the court.

ISSUES PRESENTED

(1) Did the district court err in not holding an evidentiary hearing to hear testimony and take evidence to resolve disputed facts?

Petitioner presented many factual allegations of error in his claims, allegations that are not directly refuted by the record. These facts include, but are not limited to: (a) claims that his statements to law enforcement and acquiescence to a search of his bedroom were the result of coercive conduct by the arresting agents; (b) a claim that his home computer and electronic media, seized at the time of his arrest, were subsequently searched without a warrant; (c) claims that the prosecution withheld exculpatory and material evidence and violated the "best evidence" rule; (d) claims that prosecution witnesses gave testimony that was "incredible as a matter of law", constituted impermissible hearsay, or improperly presented legal conclusions; (e) claims that various counts in the Superseding Indictment failed to state an offense, were duplicitous, or lacked venue; (f) claims that the prosecution presented improper inflammatory and prejudicial evidence; (g) ineffective assistance of counsel claims for trial counsel failing to pursue meritorious pretrial motions, failing to present any defense, sacrificing his client's credibility in the presence of the jury, and failing to subject the government's case to any meaningful adversarial testing and, (h) ineffective assistance of appellate counsel claims for failing to raise issues on appeal that were so obvious that any reasonable attorney would have raised them.

Reasonable jurists would find an evidentiary hearing

was required to resolve these disputed facts, or would at the least debate the issue, and Petitioner's right to an evidentiary hearing is not foreclosed by statute, law, rule or precedent. On the contrary, all four criteria from 'Barefoot' point to Petitioner's obvious right to the hearing. Petitioner is entitled to an evidentiary hearing "unless the motions and the files and records conclusively show that the [petitioner] is entitled to no relief." Anderson v United States, 948 F.2d 704, 706 (11th Cir 1991).

Specifically relative to Petitioner's ineffective assistance of trial counsel claims, reasonable jurists would also debate the need for an evidentiary hearing. A hearing is required when a petitioner claims his attorney was ineffective for: failing to investigate (United States v Mills, 760 F.2d 1116, 1121-22 (11th Cir 1985), Harich v Wainwright, 813 F.2d 1082 (11th Cir 1987), Buenoamo v Singletary, 963 F.2d 1433 (11th Cir 1992), Glock v Singletary, 84 F.3d 385 (11th Cir 1994), Upshaw v Singletary, 70 F.3d 576 (11th Cir 1995)); failing to file a motion to suppress evidence and preserve the issue for appeal (United States v Matos, 905 F.2d 30 (2nd Cir 1990), Government of the Virgin Islands v Forte, 865 F.2d 59 (3rd Cir 1989), Lyons v McCotter, 770 F.2d 529 (5th Cir 1985), Smith v Wainwright, 777 F.2d 609 (11th Cir 1985), Martin v Maxey, 98 F.3d 844 (5th Cir 1996), United States v Davenport, 986 F.2d 1047 (7th Cir 1993), Lofton v Whitley, 905 F.2d 885 (5th Cir 1990), Nell v James, 811 F.2d 100 (2nd Cir 1987, Kirkpatrick v Blackburn, 777 F.2d 272 (5th Cir 1985)); and for failing to file pretrial motions for severance of counts and/or defendants (Thames v Dugger, 848 F.2d 149 (11th Cir

1988), United States v Yizer, 956 F.2d 230 (11th Cir 1992)).
An evidentiary hearing is required when the record does not
resolve disputed facts supporting ineffective assistance of
counsel claims, including appellate ineffectiveness claims.
Tower v Phillips, 979 F.2d 807, 11th Cir 1992). It is not the
province of the district court to invent its own strategic
reasons for counsel's actions (or inactions), or accept any
strategy counsel 'could' have followed. Mercrum v Luebbers,
509 F.3d 489, 502 (8th Cir 2007).

 The district court held that Petitioner was not
entitled to an evidentiary hearing because he failed to
"prove" his factual allegations. The district court has put
the cart before the horse, and reasonable jurists would debate
the correctness of this ruling. "A petitioner is entitled to
an evidentiary hearing if he alleges facts that, if true,
would entitle him to relief." Winthrop-Redin v United States,
767 F.3d 1210, 1216 (11th Cir 2014). Petitioner must "...
simply ALLEGE (emphasis in original) facts that, if proven
true AFTER AN EVIDENTIARY HEARING (emphasis added), would
entitle him to relief." Aragon-Llanos v United States, 556
F.Appx. 826, 829 (11th Cir 2014). Indeed, it is the purpose of
the evidentiary hearing to provide an opportunity for a
petitioner to prove his factual allegations through testimony
and evidence. See generally Aron v United States, 291 F.3d
708, 714-15 (11th Cir 2002).

 (2) Did the district court err when it failed to
properly address each of Petitioner's constitutional claims?

 Petitioner presented 75 grounds, many of which

encompassed 2 or more constitutional claims. The district
court managed to mention each numerical ground, but failed to
actually address, in some meaningful and articulate manner,
each individual claim for relief.

(a) The court made no effort to address the legal or
factual merits of Petitioner's claims of coerced statements
and permission to search, in spite of the presence of detailed
legal arguments. Instead, it misstated the claims and
suggested that Petitioner file a Bivens civil rights action.

(b) The district court described Petitioner's 4th
Amendment warrantless search argument as "nonsensical",
despite clear factual allegations and citations to the
precedent of this Court.

(c) The district court chose to falsely declare all of
Petitioner's grounds regarding errors in the Superseding
Indictment to be "relitigation" rather than address the strong
legal and factual merit of each claim for relief. The court
went so far as to assert that 3 of the grounds had been
adversely decided this Court, but failed to note just where in
this Court's McGarity opinion (or any other ruling, for that
matter) the decision could be found. The district court chose
to merely parrot the government's equally baseless argument,
rather than engage in its own review.

(d) The district court mischaracterized Petitioner's
material variance, duplicity and Grand Jury claims in order to
avoid any merits discussion, again choosing to parrot the
government's improper and incorrect arguments.

(e) The district court made no effort to address
Petitioner's substantive evidence sufficiency claims,

including his detailed analysis and legal arguments regarding the non-pornographic nature of the two videos the government presented to the jury in support of the advertising and transportation counts.

(f) The district court refused to address any claims regarding the sufficiency or propriety of the conspiracy conviction, claiming mootness due to this Court having vacated the conviction. Yet the district court relies heavily on the presence of the conspiracy conviction to deny Petitioner relief on many other claims.

(g) The district court failed to address Petitioner's claims that the government's witnesses presented incredible testimony and only briefly mentioned his claim that a witness presented improper legal conclusions.

(h) The district court stated (albeit indirectly) that it was not subject to the Federal Rules of Evidence in order to avoid a merits discussion on Petitioner's claims that it had improperly admitted inflammatory and prejudicial evidence without any prior review.

(i) To the extent that virtually every substantive claim for relief was the subject of an ineffective assistance of trial counsel claim, the district court failed to adequately and properly address Petitioner's claims in that light.

(j) To the extent that virtually every substantive claim for relief was the subject of an ineffective assistance of appellate counsel claim, the district court failed to adequately and properly address Petitioner's claims in that light.

For nearly 25 years this Court has frowned on the "piecemeal litigation" of habeas claims, and instructed the district courts to resolve all claims for relief, regardless of whether relief is to be granted or denied. Clisby v Jones, 960 F.2d 925 (11th Cir 1992), Rhode v United States, 583 F.3d 1289 (11th Cir 2009). "A claim for relief ... is any allegation of a constitutional violation." Clisby, 960 F.2d at 936. Additionally, multiple constitutional claims can be considered as individual "distinct claims for relief" even if they "arise from the same operational facts." Id. The Court has "long required the district courts ... to facilitate meaningful appellate review by developing adequate factual records and making sufficiently clear findings as to the key issues. (internal citations omitted)." Long v United States, 626 F.3d 1167, 1170 (11th Cir 2010). "Thus, in a post-conviction case, the district court must develop a record sufficient to facilitate [the Court's] review of all issues pertinent to an application for a COA and, by extension, the ultimate merit of any issues for which a COA is granted." Id. Reasonable jurists, after a comparative review of the motion and the district court's order, would find it debatable as to whether the district court even remotely came close to meeting the standards of Clisby and Rhode. See also Jernigan v United States, 180 F.Appx. 56, 58-59 (11th Cir 2006) (remand after comparing issues in the motion to the R&R and district court's order, with instructions to "provide an explanation such that [the Court has] a sufficient basis for review").

(3) Did the district court err when it failed to find any deficiencies in the Superseding Indictment?

(a) Petitioner claimed that the Superseding Indictment was deficient for failing to state the offense conduct with particularity as to Counts 6, 18 and 29, where the indictment merely recited the language of the relevant statutes and included no factual details. Reasonable jurists would debate the propriety of this deficient language. A panel of this Court found identically-deficient language in Count 40 of the same indictment to be "no minor deficiency", in United States v McGarity, 669 F.3d 1218, 1240 (11th Cir 2012).

In United States v Schmitz, 634 F.3d 1247, 1261 (11th Cir 2011), this Court held that "[the] counts are insufficient because they provide absolutely no factual detail." But see also United States v Williams, 591 Fed Appx 78, 89 (11th Cir 2014) (finding an indictment to be proper because the counts "track the language of the statute and include factual allegations necessary to identify particular fraudulent transactions, including dates, initials of victim cardholders, and the last four digits of the compromised cards."); United States v Brooks, US App LEXIS 6861 (11th Cir 2016) (holding that the indictment for transportation of child pornography "included sufficient details -- including the date of the alleged transport and name of the file allegedly shared"). Ill-defined charges leave "the prosecution free to roam at large - to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." United States v Chandler, 388 F.3d 796, 798 (11th Cir 2004), citing Russell v United States, 369 US 749 (1962). Even the district court takes advantage of the vagueness, parroting the government's claim that Petitioner was convicted on the

basis of "many other" unspecified criminal acts, rather than the ones the Grand Jury indicted him for.

(b) Petitioner claimed, in the alternative, that Counts 6, 18 and 29 were duplicitous based on the government's argument that each count charged many different offenses, any one of which could be used at trial as the basis for the count. The district court echoed this flawed argument, confusing "offense" with "evidence" in discussing what needed to be taken before the Grand Jury. Reasonable jurists would have a difficult time ascertaining just what particular offense Petitioner was convicted of committing under each count, especially given the government's and district court's inability to specifically identify the conduct themselves. Reasonable jurists would also debate whether or not the counts must be considered duplicitous under these circumstances, especially considering the government and district court have conceded indirectly that they are. A count is considered duplicitous if it "joins in a single count ... two or more distinct and separate offenses." United States v Newell, 658 F.3d 1, 23 (1st Cir 2011). "Duplicity occurs when a single count in an indictment contains two or more distinct offenses." United States v Miller, 520 F.3d 504, 512 (5th Cir 2008); United States v Burton, 871 F.2d 1566, 1573 (11th Cir 1989). "The prohibition against duplicitous indictments arises primarily out of concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." United States v Valerio, 48 F.3d 58, 63 (1st Cir 1995).

(c) Finally, Petitioner argued that the indictment's

substantive counts against his codefendants lacked proper
venue in the Northern District of Florida. As Petitioner
showed in detail in his Motion, Memorandum and Reply, the
government never showed any common connection between these
acts and Petitioner. Petitioner was never shown to have read
any of the advertisements, nor was he shown to have
transported or received any of the alleged child pornography
involved in any of these counts. Instead, the government
relied on the mere presence of a conspiracy count as
justification for the venue. Reasonable jurists would debate
whether or not the mere presence of a conspiracy count in an
indictment allows the government to include any other offenses
it sees fit without showing some reasonable connection between
all the counts beyond similarity of the statutes. Petitioner
has already provided a wealth of arguments and caselaw on the
subject in his prior filings, incorporated here by reference.
Reasonable jurists would also debate the correctness of the
district court's reliance on the Pinkerton doctrine of
vicarious liability to establish venue. Again, Petitioner
provided clear and well-reasoned arguments in his original
filings and his Objections, and they need not be repeated
here. Under the totality of these circumstances, reasonable
jurists would question the propriety of the indictment and the
district court's finding of no error.

     (4) Did the district court err when it failed to find
insufficient evidence to support Petitioner's convictions on
Counts 2, 6, 18 and 29?

     (a) Petitioner claimed the convictions on counts 6 and
18 were based on videos that were not pornographic, and

provided a detailed descriptive analysis explaining the legal
and factual bases of his claim. The government provided no
counter-argument to this claim in its Response, and the
district court relied on its "many other" theory of guilt.
Reasonable jurists would debate whether or not the evidence
was sufficient. Both statutes (18 USC §§2251(d)(1)(a) and
2252A(a)(2)) require the presence of an actual child
pornography image as an essential element. Absent the
pornography, the conviction cannot stand. See Fiore v White,
531 US 225 (2001) (conviction absent proof of an essential
element of the offense constitutes a due process violation).
Petitioner also argued the government's inability to show
either of the videos traveled in interstate or foreign
commerce into, out of or through the Northern District of
Florida and/or Petitioner's computer, and that it failed to
show Petitioner had any knowledge or belief that the videos
were in fact pornography. Both of these are essential elements
of the offenses involved, and again, reasonable jurists would
debate whether or not the government met its burden.

          (b) Petitioner claimed the evidence was insufficient
to support his count 29 conviction for reception of child
pornography. While Petitioner conceded the pornographic nature
of the video in question, the remaining essential elements
were never met. As the record clearly shows, the sole evidence
at trial was the testimony of an FBI agent that another agent
had received the video in question in Maryland, and that the
video being shown to the jury had in fact come from that
agent's computer. Reasonable jurists would seriously debate
the rationale that reception by an agent in one state equates

to reception by a defendant in another state, sufficient to
sustain a conviction. And, like the other counts, the
government failed totally in showing whether or not Petitioner
(if he had received the video) knew in advance that it was
pornography.

(c) Petitioner argued that the conviction on count 6
constituted a material variance, which is a form of
sufficiency of the evidence. Petitioner's clear and well-
reasoned arguments in his original filings clearly indicate
that reasonable jurists would debate whether or not there was
a variance in this case.

(d). Lastly, Petitioner claimed there was insufficient
evidence to prove the conspiracy charged at count 2, which
itself also contained errors in the charging language. Faced
with an inability to actually counter Petitioner's detailed
claim with factual evidence and proper legal citations, the
government chose to claim mootness on the basis of this Court
having vacated the conviction. Reasonable jurists would debate
whether or not a count vacated on procedural grounds (double
jeopardy) remained ripe for an evidence sufficiency challenge,
particularly where, as here, the vacated conviction is used
both as a predicate offense for another count and as
justification for the admission of prejudicial and
inflammatory evidence at trial. The district court simply
followed the same path, choosing to ignore the legal arguments
on the same mootness basis but relying heavily on the vacated
conviction to justify its rulings on other claims of error. To
the extent that they provide a generous amount of well-
reasoned argument on the subject, Petitioner stands on his

original Motion, Memorandum and Reply t show that reasonable
jurists would debate whether or not there actually was a
conspiracy.

(5) Did the district court err in failing to find a
4th Amendment violation where the government introduced
evidence obtained without a search warrant?

Petitioner claimed the government searched a computer,
storage drives and optical discs, seized from his home,
without a warrant, and introduced evidence obtained from them
at trial. Reasonable jurists would debate whether Petitioner's
permission to search his bedroom (regardless of the
voluntariness of the permission) automatically extended to a
permission to search at a later date any items seized, as the
government has claimed. Reasonable jurists would likewise
debate the district court's position, that Petitioner
"consented" to the seizure and thus authorized the later
warrantless search. While Petitioner provided ample precedent
from this Court and the Supreme Court to support his claim,
neither the government nor the district court was able to do
the same. The district court even went so far as to claim the
precedent of this Court was "nonsensical".

(6) Did the district court err when it failed to find
the government had withheld exculpatory and material
evidence?

Petitioner has claimed the government withheld: (a)
subpoenas and their returns that contained exculpatory
evidence, in that they disproved the government's theory of
guilt; (b) encrypted messages that constituted the "original
writings" under the 'best evidence' rule and; (c) images and

videos that were not child pornography and cast doubt on the
government's claim that there was a criminal child pornography
conspiracy. Petitioner provided extensive facts and caselaw in
his Motion, Memorandum, Reply and Objections in support of
these claims. The district court, on the other hand, claimed
that the withheld subpoenas never existed and alluded that
Petitioner had fabricated the one he was able to obtain and
submit as an exhibit to prove his claim. The district court
provided no legal or factual discussion regarding the
encrypted writings, and claimed that since the jury was made
aware through testimony that there were some legal images,
Petitioner didn't need them. Reasonable jurists, after a
review of the filings and facts, would debate the correctness
of the district court's ruling, particularly in light of the
fact that the district court didn't hold an evidentiary
hearing to review the disputed evidence.

(7) Did the district court err in failing to find that
the government had introduced improper, irrelevant,
inflammatory and prejudicial evidence and testimony?

Petitioner claimed that: (a) the government presented
evidence against codefendants that was highly prejudicial to
Petitioner; (b) government witnesses presented testimony that
was "incredible as a matter of law"; (c) government witnesses
presented improper legal conclusions to the jury; (d) the
government introduced evidence that constituted hearsay and;
(e) the government presented "known victim" evidence that was
prejudicial and irrelevant. Given the wealth of caselaw
Petitioner has already provided in support of his claims in
the original filings, he has shown that reasonable jurists

would debate each of these issues. The district court's
reliance on the conspiracy charge and this Court's ruling on
the prejudicial confession and evidence regarding two
codefendants has already been shown to be error, as neither
was admissible against Petitioner. Regarding improper
testimony, the district court claimed that witnesses were
allowed to make "mistakes" in their testimony, ignoring the
fact that virtually every improper statement by a witness
would then be a "mistake" rather than "incredible as a matter
of law", and the legal precedent would be absurd. The district
court also claimed that improper legal conclusions are
overcome by instructing the jury on the essential elements of
each offense, without being able to provide any legal support
for this fiction. Likewise, the district court's claim that it
is the defense counsel's duty to authenticate the government's
evidence has no basis in law, and may be the most ludicrous ju
dicial statement of the year. Finally, as thoroughly discussed
in the previous filings in this case, there was no connection
whatsoever between the "known victims" evidence and any charge
against any defendant at the trial, the government was unable
to disprove this fact, and the district court's argument is
baseless.

(8) Did the district court err in failing to find
trial counsel had been ineffective?

Petitioner made many claims of ineffective assistance
of counsel, and reasonable jurists would debate each of them.
These claims include the following: (a) for failing to move to
suppress evidence (Kimmelman v Morrison, 477 US 365 (1986),
Kirkpatrick v Blackburn, 777 F.2d 272 (5th Cir 1985), Nell v

James, 811 F.2d 100 (2nd Cir 1987), Smith v Wainwright, 777
F.2d 609 (11th Cir 1985), Martin v Maxey, 98 F.3d 844 (5th Cir
1996)); (b) for failing to move for severance (Thames v
Dugger, 848 F.2d 149 (11th Cir 1988)); (c) for failing to
investigate (McCoy v Newsome, 953 F.2d 1252 (11th Cir 1992),
United States v Mills, 760 F.2d 1116 (11th Cir 1985),
Holsomback v White, 133 F.3d 1382 (11th Cir 1998), House v
Balkcom, 725 F.2d 608 (11th Cir 1984), Scott v Wainwright, 698
F.2d 427 (11th Cir 1983), Young v Zant, 677 F.2d 792 (11th Cir
1982)); (d) for failing to develop and present a defense
(Gaines v Hopper, 575 F.2d 1147 (5th Cir 1978), Thomas v
Lockhart, 738 F.2d 304 (8th Cir 1984), Groseclose v Bell, 130
F.3d 1161 (6th Cir 1997), Harich v Wainwright, 813 F.2d 1082
(11th Cir 1987)) and; (e) for failing to subject the
government's case to any meaningful adversarial testing
(United States v Cronic, 466 US 648 (1984), United States v
Theodore, 345 F.Supp.2d 123 (D. Mass 2004)). The district
court chose to focus on one aspect of trial counsel's
performance, as somewhat misguided closing argument asking the
jury to convict Petitioner of a crime he wasn't even charged
with. Even if this dubious argument constituted a "strategy",
reasonable jurists would still debate counsel's overall
effectiveness. Trial counsel's performance is evaluated
"during discreet portions of a trial, without regard to [his]
performance at other points during trial" (Horton v Zant, 941
F.2d 1449 (11th Cir 1991)), and the totality of counsel's
unprofessional errors and omissions can constitute ineffective
assistance of counsel (Goodwin v Balkcom, 684 F.2d 794 (11th
Cir 1982)) (finding Goodwin's counsel ineffective in spite of

having conducted numerous witness interviews, personally visiting the crime scene, vigorously seeking a plea deal, filing pretrial motions to squash the indictment and suppress evidence and statements, and actually pursuing a defense theory and presenting it)).

Counsel's cumulative errors can cast grave doubt on the reliability of a trial, thus constituting ineffective assistance of counsel. Thomas v Calderon, 120 F.3d 1045 (9th Cir 1997), Nealy v Cabana, 764 F.2d 1173 (5th Cir 1985). In deciding that Petitioner's trial counsel was effective, the district court made an "irrelevant observation" (see Lafler v Cooper, 132 S.Ct. 1376 (2012)) about counsel's performance during an isolated moment, and ignored all of Petitioner's other claims. Reasonable jurists would debate the correctness of the district court's ruling, especially when it was made without benefit of an evidentiary hearing or an affidavit from trial counsel.

(9) Did the district court err in not finding that appellate counsel was ineffective?

Given the wealth of meritorious claims of error Petitioner had provided in his §2255 Motion as a whole, reasonable jurists would debate whether or not appellate counsel was effective. As this Court provided, "To determine whether the failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim. See Cross v United States, 893 F.2d 1287, 1290 (11th Cir 1990). If we conclude that the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial because it affected the outcome of the

appeal. See id.". Eagle v Linahan, 279 F.3d 926, 943 (11th Cir 2001). "The only question under the prejudice prong of the Strickland test is whether there was a reasonable probability that the appellate court, [had appellate counsel not been deficient] ... would have granted [the petitioner] a new trial". Clark v Crosby, 335 F.3d 1303, 1312 n.9 (11th Cir 2003). See also Ferrel v Hall, 6440 F.3d 1199, 1236 (11th Cir 2011). The mere fact that appellate counsel was able to obtain some relief does not automatically constitute effectiveness, as the district court would seem to imply. When ignored issues are "clearly stronger than those presented", counsel is presumed to be ineffective. Smith v Robbins, 528 US 259, 288 (2000); Payne v United States, 566 F.3d 1276, 1277 (11th Cir 2009). Prejudice can be established as long as there is a "reasonable probability" that the appellate court would grant relief. Deonarinsingh v United States, 542 Fed Appx 857 (11th Cir 2013); Black v United States, 373 F.3d 1140, 1142 (11th Cir 2004). As this Court pointed out in Overstreet v Warden, 811 F.3d 1283 (11th Cir 2016), "the fundamental purpose of an appellate lawyer ... is to identify and argue bases for reversal of a conviction". Id at 1287-88. Counsel's ignorance of a well-defined legal principle would be inexcusable and demonstrate ineffective performance. Black, 373 F.3d at 1144. Given the well-established precedent of this Court, reasonable jurists would debate whether or not appellate counsel was ineffective for failing to challenge the charging language of the substantive counts of the indictment, for failing to challenge the sufficiency of the evidence on those counts, for failing to challenge the improper search and admission of

evidence therefrom, and for failing to challenge many of the
other solid arguments that would have at a minimum required
reversal and a new trial. The district court would like to
believe that none of the issues had any merit, claiming there
were no "sure-fire winners" appellate counsel could have
raised. "The very focus of a Strickland inquiry regarding
performance of appellate counsel is upon the merits of the
omitted issues, and no test that ignores the merits of the
omitted claim ... comports with federal law". Cargle v Mullin,
317 F.3d 1196, 1204-05 (10th Cir 2003). Reasonable jurists
would disagree with the district court's tactic of simply
misstating the arguments and issues (if not ignoring them
outright) and providing no basis in law or fact for its
opinions in order to avoid a finding of appellate counsel
ineffectiveness. And again, the lack of an evidentiary hearing
or affidavit to base a decision on causes doubt as to the
correctness of the decisions made.

        (10) Did the district court err in failing to grant
relief under the doctrine of cumulative error?

        Petitioner, as a full review of the filings will show,
raised dozens of meritorious claims, many of which warrant
immediate reversal if not entry of judgment of acquittal.
Recognizing that perhaps the district court would address each
ground singly and claim that "by itself" the claim would not
be sufficient to warrant relief, Petitioner sought relief
under cumulative error. The district court did not address
Petitioner's cumulative relief claim at all. Reasonable
jurists would debate whether or not Petitioner was entitled to
relief. "Errors that might not be so prejudicial as to amount

to a deprivation of due process when considered alone, may
cumulatively produce a trial setting that is fundamentally
unfair." Darden v McNeal, 938 F.2d 605, 611 (5th Cir 1991)
(citing Walker v Engle, 703 F.2d 959, 963 (6th Cir). "[The]
'cumulative effect' of multiple errors may so prejudice a
defendant's right to a fair trial that a new trial is
required, even if the errors considered individually are
considered are non-reversible." United States v Ramirez, 426
F.3d 1344, 1353 (11th Cir 2005). Reasonable jurists would also
debate whether or not Petitioner's case was more susceptible
to cumulative error than the typical case. As has been
thoroughly described, and the record supports, the totality of
the evidence before the jury as to Petitioner's guilt was weak
to non-existent. "[A] verdict or conclusion only weakly
supported by the record is more likely to have been affected
by errors than one with overwhelming record support."
Aranguren-Saurez v United States, 570 Fed Appx 908, 911 (11th
Cir 2014) (citing Strickland v Washington, 466 US 668, 696
(1984).

## CONCLUSION

Petitioner has made a clear showing that reasonable
jurists would debate the denial of his request for relief
under §2255. Petitioner showed clear prejudicial errors,
supported by facts and relevant legal precedent. This included
not only the issues specifically outlined here, but virtually
every other claim Petitioner made in his Motion. Petitioner
objected to the Magistrate's Report and Recommendation "in its
entirety", but in the interests of judicial economy, sees no
need to outline specifics for every claim before this Court.

The issues outlined here constitute the most serious issues raised in the original Motion and Objections. Petitioner believes this Court can and should grant a Certificate of Appealability as to all ten issues, and summarily grant relief to Petitioner without the need for further briefing. The facts and arguments are already clearly presented for any jurist willing to read them with an open mind. The district court simply chose not to.

Ultimately, though, it may serve this Court best to grant the Certificate of Appealability as to Issues One and Two only, at this time, and remand to the district court for a more complete and detailed decision after thorough fact-finding. Petitioner welcomes such an action, as it allows the opportunity for more detailed discussion and even concessions on both sides to reduce the number of contested issues.

Should the Court decide to remand for an evidentiary hearing and resolution of all outstanding claims, Petitioner requests that any such order include a request that the matter be assigned to a different Magistrate Judge. It is apparent from the Report and Recommendation that the Magistrate Judge holds some animosity and bias towards Petitioner, and can't provide a fair review of the facts and law.

Respectfully submitted this 10th day of November, 2016.

⇔06947-017⇔
    James Freeman
    06947-017
    United States Penitentiary
    PO Box 24550
    Tucson, AZ 85734
    United States

JAMES FREEMAN 06947-017
UNITED STATES PENITENTIARY
POST OFFICE BOX 24550
TUCSON, ARIZONA 85734

⇨06947-017⇦
Clerk of the Court
1 N Palafox ST
Pensacola, FL 32502
United States

3:13cv 309 /LAC/C-MJ