

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

JAMES FREEMAN,

Defendant-Appellant,

v.                                        Case No. 16-17185

UNITED STATES OF AMERICA,

Plaintiff-Appellee.


## MOTION FOR RECONSIDERATION

Comes now the Appellant, James Freeman, and requests that this Honorable Court reconsider the denial of his Request for a Certificate of Appealability in his §2255 Motion, as allowed by 11th Cir. R. 27-2. Freeman asks that this Court consider the following:


1). The Circuit Judge failed to address each of Freeman's issues for which a Certificate of Appealability was requested.

2). The Circuit Judge adjudicated the merits of Freeman's underlying claims, rather than limiting the inquiry to a threshold debatability question.

### DISCUSSION

1). Freeman's Request of a Certificate of Appealability (COA) contained ten individual issues. Two were procedural questions not addressing substantive claims, two addressed ineffective assistance of counsel, five addressed substantive claims encompassing several Grounds, and one addressed a cumulative error claim. In undertaking a merits analysis for Freeman's §2255 Grounds, the Circuit Judge totally ignored the following three issues:

(A) Issue #1 asked if the District Court erred by not holding an evidentiary hearing in Freeman's §2255 case. The COA Request alone provides more than enough justification for a finding of debatability amongst jurists of reason, not to mention the sheer volume of non-conclusory facts that, if true, would warrant relief, found throughout Freeman's §2255 Motion. In addition, this Court continues to reinforce the precedent  that "[A] petitioner need only ALLEGE - not prove - reasonably specific, non-conclusory facts...", most recently in Griffith v United States, 871 F.3d 1321 (11th Cir 2017).

(B) Issue #2 asked if the District Court erred in not addressing all of Freeman's constitutional claims, as required by Clisby v Jones, 960 F.2d 925 (11th Cir 1992). Reasonable jurists would find debatable the District Court's failure to address ALL claims, as well as the failure to fully  articulate for the benefit of this Court its reasoning in rejecting each of Freeman's well-founded Objections to the Report and Recommendation.

(C) Issue #10 asked if the District Court erred in not finding cumulative error. Indeed, the District

Court did not even address the issue. Freeman recognizes that appellate counsel for one of his codefendants raised a cumulative error claim on direct appeal, and it was rejected by the McGarity panel. But in his §2255 Motion, Freeman includes substantive claims of ineffective assistance of counsel that were not presented or available on direct appeal.

(D) The Circuit Judge did indirectly address each of Freeman's substantive issues, those based on underlying Grounds of his §2255 Motion, by way of a merits analysis. As shown below, however, this does not constitute addressing the issue for purposes of granting or denying a COA on those issues.

2). A court of appeals "should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims," and ask "only if the District Court's decision was debatable." Miller-El v Cockrell, 537 US 322, 327 (2003). The Supreme Court, in an opinion by the Chief Justice, recently addressed the problem in Buck v Davis 580 US ___, 137 S.Ct. 759 (2017), stating that "The COA inquiry, we have emphasized, is not coextensive with a merits analysis. At the COA stage the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of the constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck, 137 S.Ct. at 773, citing Miller-El. As the Chief Justice reiterated, deciding the merits and then using that analysis to deny the COA, as happened here, is "in essence deciding an appeal

without jurisdiction". Id. The Circuit Judge's merits analysis is not only misplaced, it is not legally or factually correct, any more than the Magistrate's Report and Recommendation was. Indeed, since the Circuit Judge's merits analysis so closely mirrors the R&R in order, scope and finding, Freeman believes it appropriate to include by reference here his Objections to the Report and Recommendation even though he is under no obligation to refute the Circuit Judge's analysis at this point.

Even though Freeman is not required to refute the Circuit Judge's merits analysis, it may be beneficial to briefly mention a few salient points regarding the most important issues.

Regarding Ground 8, corresponding with Issue #3(a), the Circuit Judge simply stated that pursuant to United States v Fern, the indictment was sufficient as to Counts 6, 18 and 29. The Circuit Judge failed to note that the majority in McGarity also cited Fern, but then followed it up with a "however" qualification. The majority stated an additional requirement for "such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.", citing United States v Schmitz, 634 F.3d 1247, 1261 (11th Cir 2011). McGarity @ 1235. It is this additional statement which Freeman contends is lacking, and neither the District Court nor the Circuit Judge has provided an answer as to why Counts 6, 18 and 29 do not require this statement.

Regarding Ground 33, corresponding with Issue #4(a), the Circuit Judge echoed the District Court in reminding us

all once again that "child pornography is not entitled to
First Amendment protection." Freeman agrees wholeheartedly.
What the Circuit Judge fails to note is that images (or
videos) that are NOT pornographic, as Freeman claims is the
case with the two videos shown at trial, are entitled to First
Amendment protection. An image is not "pornographic" just
because a prosecutor or FBI agent says it is.

In discussing Ground 31, corresponding to Issue #4(b),
the Circuit Judge claims incorrectly that the McGarity panel
already ruled on the claim and found "overwhelming evidence"
in favor of the conviction. As Freeman pointed out in his
Objections as well as his Reply in his §2255 Motion, this is
patently false. Neither the Government, the District Court nor
the Circuit Judge can point to such a specific finding.
Because the McGarity panel was never asked to determine the
evidence sufficiency of Counts 6, 18 or 29. Our system of
justice requires that reasonable jurors unanimously find
defendants guilty beyond a reasonable doubt of specific
offense conduct charged under specific statutes, and requires
that those jurors find beyond a reasonable doubt each
essential element. All of this must occur without the use of
inference or speculation. Against this backdrop, it is
difficult to imagine that Freeman's convictions can be based
solely on the government's claim that over the course of
nearly two years it downloaded over 400,000 images of children
(mostly legal ones) shared by 64 individuals in 6 different
countries, especially since it never showed that Freeman
advertised, transported, received or even was aware of the
existence of those 400,000 images.

In addressing Ground 28, which corresponds to Issue #4(c), the Circuit Judge follows the Magistrate's lead in confusing "offense" with "evidence". Freeman is well aware that the Government can present more evidence at trial than it presented to the Grand Jury. Indeed, since the Grand Jury only needs probable cause and the trial jury needs reasonable doubt, it is almost a certainty that the evidence at trial will far exceed the evidence at Grand Jury. But the issue here is not evidence, it is offense. The law is clear that a defendant must be convicted of the offense the Grand Jury charged. A defendant indicted on a single count for robbing a Wells-Fargo Bank in Atlanta on Tuesday cannot be convicted of robbing a SunTrust Bank in Marietta on Friday under that count. Especially if the government never even mentions the Wells-Fargo robbery. The same rationale applies here. The government was required to prove Freeman posted a specific notice under Count 6. Any other notice would not be allowed. The McGarity panel even addressed this concept of the government alleging to have proven multiple substantive offense, rejecting the contention and pointing out that no matter how much evidence the government presented on additional offenses, the defendants were only charged with one specific advertisement or transportation. McGarity at 1250.

Regarding Ground 7, which corresponds with Issue #5, Freeman again points out that the precedent of this Court squarely forecloses the argument that granting permission to seize a computer or disc automatically permits a warrantless search. In United States v Odoni, 782 F.3d 1226 (11th Cir 2015), this Court pointed out that "the fact that police have

lawfully come into possession of an item does not necessarily mean they are entitled to search that item without a warrant." The contention that Freeman granted permission to actually search the seized items is not supported by the record, either through exhibits or testimony.

The Circuit Judge's analysis of Freeman's ineffective assistance of counsel claims are far off the mark, and much like the Magistrate's evaluation, fail to address many underlying ineffectiveness claims. Most glaring is the lack of discussion regarding trial counsel's failure to present any defense at all. The greatest deficiency in deciding ineffectiveness claims is the lack of any affidavits or testimony from the attorneys. This is a direct result of the failure to hold an evidentiary hearing.

CONCLUSION

It is evident that errors occurred in the evaluation of Freeman's Request for a Certificate of Appealability, as shown above. Freeman firmly believes the record entitles him to a COA on every claim, even though this Court on reconsideration may choose to limit the COA to those issues that hold the greatest impact.

Respectfully submitted this 15th day of August, 2018.

*James Freeman*, Pro se
8-15-18

⇔06947-017⇔
James Freeman
06947-017
United States Penitentiary
PO Box 24550
Tucson, AZ 85734

## CERTIFICATE OF MAILING

Pursuant to Fed. R. App. P. 4(c)(1), the "prison mailbox rule", copies of the foregoing were filed by presenting them to the prison mail room at Tucson United States Penitentiary in full compliance with instution special mail policy and with full and proper postage affixed, on August 15th, 2018.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served, via U.S. Mail, on Christopher P. Canova, United States Attorney, 21 East Garden Street Suite 400, Pensacola, Florida 32502 this 15th day of August, 2018.

James Freeman, pro se

*James Freeman pro se*
*8-15-18*

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT


JAMES FREEMAN,

Defendant-Appellant,

v.                                    Case No. 16-17185

UNITED STATES OF AMERICA,

Plaintiff-Appellee.


## MOTION FOR RECONSIDERATION

Comes now the Appellant, James Freeman, and requests that this Honorable Court reconsider the denial of his Request for a Certificate of Appealability in his §2255 Motion, as allowed by 11th Cir. R. 27-2. Freeman asks that this Court consider the following:


1). The Circuit Judge failed to address each of Freeman's issues for which a Certificate of Appealability was requested.

2). The Circuit Judge adjudicated the merits of Freeman's underlying claims, rather than limiting the inquiry to a threshold debatability question.

## DISCUSSION

1). Freeman's Request of a Certificate of Appealability (COA) contained ten individual issues. Two were procedural questions not addressing substantive claims, two addressed ineffective assistance of counsel, five addressed substantive claims encompassing several Grounds, and one addressed a cumulative error claim. In undertaking a merits analysis for Freeman's §2255 Grounds, the Circuit Judge totally ignored the following three issues:

(A) Issue #1 asked if the District Court erred by not holding an evidentiary hearing in Freeman's §2255 case. The COA Request alone provides more than enough justification for a finding of debatability amongst jurists of reason, not to mention the sheer volume of non-conclusory facts that, if true, would warrant relief, found throughout Freeman's §2255 Motion. In addition, this Court continues to reinforce the precedent that "[A] petitioner need only ALLEGE - not prove - reasonably specific, non-conclusory facts...", most recently in Griffith v United States, 871 F.3d 1321 (11th Cir 2017).

(B) Issue #2 asked if the District Court erred in not addressing all of Freeman's constitutional claims, as required by Clisby v Jones, 960 F.2d 925 (11th Cir 1992). Reasonable jurists would find debatable the District Court's failure to address ALL claims, as well as the failure to fully articulate for the benefit of this Court its reasoning in rejecting each of Freeman's well-founded Objections to the Report and Recommendation.

(C) Issue #10 asked if the District Court erred in not finding cumulative error. Indeed, the District

Court did not even address the issue. Freeman recognizes that appellate counsel for one of his codefendants raised a cumulative error claim on direct appeal, and it was rejected by the McGarity panel. But in his §2255 Motion, Freeman includes substantive claims of ineffective assistance of counsel that were not presented or available on direct appeal.

(D) The Circuit Judge did indirectly address each of Freeman's substantive issues, those based on underlying Grounds of his §2255 Motion, by way of a merits analysis. As shown below, however, this does not constitute addressing the issue for purposes of granting or denying a COA on those issues.

2). A court of appeals "should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims," and ask "only if the District Court's decision was debatable." Miller-El v Cockrell, 537 US 322, 327 (2003). The Supreme Court, in an opinion by the Chief Justice, recently addressed the problem in Buck v Davis 580 US ___, 137 S.Ct. 759 (2017), stating that "The COA inquiry, we have emphasized, is not coextensive with a merits analysis. At the COA stage the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of the constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck, 137 S.Ct. at 773, citing Miller-El. As the Chief Justice reiterated, deciding the merits and then using that analysis to deny the COA, as happened here, is "in essence deciding an appeal

without jurisdiction". Id. The Circuit Judge's merits analysis
is not only misplaced, it is not legally or factually correct,
any more than the Magistrate's Report and Recommendation was.
Indeed, since the Circuit Judge's merits analysis so closely
mirrors the R&R in order, scope and finding, Freeman believes
it appropriate to include by reference here his Objections to
the Report and Recommendation even though he is under no
obligation to refute the Circuit Judge's analysis at this
point.

Even though Freeman is not required to refute the
Circuit Judge's merits analysis, it may be beneficial to
briefly mention a few salient points regarding the most
important issues.

Regarding Ground 8, corresponding with Issue #3(a),
the Circuit Judge simply stated that pursuant to United States
v Fern, the indictment was sufficient as to Counts 6, 18 and
29. The Circuit Judge failed to note that the majority in
McGarity also cited Fern, but then followed it up with a
"however" qualification. The majority stated an additional
requirement for "such a statement of the facts and
circumstances as will inform the accused of the specific
offense, coming under the general description, with which he
is charged.", citing United States v Schmitz, 634 F.3d 1247,
1261 (11th Cir 2011). McGarity @ 1235. It is this additional
statement which Freeman contends is lacking, and neither the
District Court nor the Circuit Judge has provided an answer as
to why Counts 6, 18 and 29 do not require this statement.

Regarding Ground 33, corresponding with Issue #4(a),
the Circuit Judge echoed the District Court in reminding us

all once again that "child pornography is not entitled to
First Amendment protection." Freeman agrees wholeheartedly.
What the Circuit Judge fails to note is that images (or
videos) that are NOT pornographic, as Freeman claims is the
case with the two videos shown at trial, are entitled to First
Amendment protection. An image is not "pornographic" just
because a prosecutor or FBI agent says it is.

In discussing Ground 31, corresponding to Issue #4(b),
the Circuit Judge claims incorrectly that the McGarity panel
already ruled on the claim and found "overwhelming evidence"
in favor of the conviction. As Freeman pointed out in his
Objections as well as his Reply in his §2255 Motion, this is
patently false. Neither the Government, the District Court nor
the Circuit Judge can point to such a specific finding.
Because the McGarity panel was never asked to determine the
evidence sufficiency of Counts 6, 18 or 29. Our system of
justice requires that reasonable jurors unanimously find
defendants guilty beyond a reasonable doubt of specific
offense conduct charged under specific statutes, and requires
that those jurors find beyond a reasonable doubt each
essential element. All of this must occur without the use of
inference or speculation. Against this backdrop, it is
difficult to imagine that Freeman's convictions can be based
solely on the government's claim that over the course of
nearly two years it downloaded over 400,000 images of children
(mostly legal ones) shared by 64 individuals in 6 different
countries, especially since it never showed that Freeman
advertised, transported, received or even was aware of the
existence of those 400,000 images.

In addressing Ground 28, which corresponds to Issue #4(c), the Circuit Judge follows the Magistrate's lead in confusing "offense" with "evidence". Freeman is well aware that the Government can present more evidence at trial than it presented to the Grand Jury. Indeed, since the Grand Jury only needs probable cause and the trial jury needs reasonable doubt, it is almost a certainty that the evidence at trial will far exceed the evidence at Grand Jury. But the issue here is not evidence, it is offense. The law is clear that a defendant must be convicted of the offense the Grand Jury charged. A defendant indicted on a single count for robbing a Wells-Fargo Bank in Atlanta on Tuesday cannot be convicted of robbing a SunTrust Bank in Marietta on Friday under that count. Especially if the government never even mentions the Wells-Fargo robbery. The same rationale applies here. The government was required to prove Freeman posted a specific notice under Count 6. Any other notice would not be allowed. The McGarity panel even addressed this concept of the government alleging to have proven multiple substantive offense, rejecting the contention and pointing out that no matter how much evidence the government presented on additional offenses, the defendants were only charged with one specific advertisement or transportation. McGarity at 1250.

Regarding Ground 7, which corresponds with Issue #5, Freeman again points out that the precedent of this Court squarely forecloses the argument that granting permission to seize a computer or disc automatically permits a warrantless search. In United States v Odoni, 782 F.3d 1226 (11th Cir 2015), this Court pointed out that "the fact that police have

lawfully come into possession of an item does not necessarily mean they are entitled to search that item without a warrant. The contention that Freeman granted permission to actually search the seized items is not supported by the record, either through exhibits or testimony.

The Circuit Judge's analysis of Freeman's ineffective assistance of counsel claims are far off the mark, and much like the Magistrate's evaluation, fail to address many underlying ineffectiveness claims. Most glaring is the lack of discussion regarding trial counsel's failure to present any defense at all. The greatest deficiency in deciding ineffectiveness claims is the lack of any affidavits or testimony from the attorneys. This is a direct result of the failure to hold an evidentiary hearing.

CONCLUSION

It is evident that errors occurred in the evaluation of Freeman's Request for a Certificate of Appealability, as shown above. Freeman firmly believes the record entitles him to a COA on every claim, even though this Court on reconsideration may choose to limit the COA to those issues that hold the greatest impact.

Respectfully submitted this 15th day of August, 2018.

⇔06947-017⇔
James Freeman
06947-017
United States Penitentiary
PO Box 24550
Tucson, AZ 85734
United States

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT


JAMES FREEMAN,

Defendant-Appellant,

v.                                    Case No. 16-17185

UNITED STATES OF AMERICA,

Plaintiff-Appellee.


MOTION FOR RECONSIDERATION

Comes now the Appellant, James Freeman, and requests that this Honorable Court reconsider the denial of his Request for a Certificate of Appealability in his §2255 Motion, as allowed by 11th Cir. R. 27-2. Freeman asks that this Court consider the following:


1). The Circuit Judge failed to address each of Freeman's issues for which a Certificate of Appealability was requested.

2). The Circuit Judge adjudicated the merits of Freeman's underlying claims, rather than limiting the inquiry to a threshold debatability question.

DISCUSSION

1). Freeman's Request of a Certificate of
Appealability (COA) contained ten individual issues. Two were
procedural questions not addressing substantive claims, two
addressed ineffective assistance of counsel, five addressed
substantive claims encompassing several Grounds, and one
addressed a cumulative error claim. In undertaking a merits
analysis for Freeman's §2255 Grounds, the Circuit Judge
totally ignored the following three issues:

(A) Issue #1 asked if the District Court erred
by not holding an evidentiary hearing in Freeman's §2255 case.
The COA Request alone provides more than enough justification
for a finding of debatability amongst jurists of reason, not
to mention the sheer volume of non-conclusory facts that, if
true, would warrant relief, found throughout Freeman's §2255
Motion. In addition, this Court continues to reinforce the
precedent that "[A] petitioner need only ALLEGE - not prove -
reasonably specific, non-conclusory facts...", most recently
in Griffith v United States, 871 F.3d 1321 (11th Cir 2017).

(B) Issue #2 asked if the District Court erred
in not addressing all of Freeman's constitutional claims, as
required by Clisby v Jones, 960 F.2d 925 (11th Cir 1992).
Reasonable jurists would find debatable the District Court's
failure to address ALL claims, as well as the failure to fully
articulate for the benefit of this Court its reasoning in
rejecting each of Freeman's well-founded Objections to the
Report and Recommendation.

(C) Issue #10 asked if the District Court
erred in not finding cumulative error. Indeed, the District

Court did not even address the issue. Freeman recognizes that
appellate counsel for one of his codefendants raised a
cumulative error claim on direct appeal, and it was rejected
by the McGarity panel. But in his §2255 Motion, Freeman
includes substantive claims of ineffective assistance of
counsel that were not presented or available on direct
appeal.

(D) The Circuit Judge did indirectly address
each of Freeman's substantive issues, those based on
underlying Grounds of his §2255 Motion, by way of a merits
analysis. As shown below, however, this does not constitute
addressing the issue for purposes of granting or denying a COA
on those issues.

2). A court of appeals "should limit its examination
[at the COA stage] to a threshold inquiry into the underlying
merit of [the] claims," and ask "only if the District Court's
decision was debatable." Miller-El v Cockrell, 537 US 322, 327
(2003). The Supreme Court, in an opinion by the Chief Justice,
recently addressed the problem in Buck v Davis 580 US ___, 137
S.Ct. 759 (2017), stating that "The COA inquiry, we have
emphasized, is not coextensive with a merits analysis. At the
COA stage the only question is whether the applicant has shown
that "jurists of reason could disagree with the district
court's resolution of the constitutional claims or that
jurists could conclude the issues presented are adequate to
deserve encouragement to proceed further." Buck, 137 S.Ct. at
773, citing Miller-El. As the Chief Justice reiterated,
deciding the merits and then using that analysis to deny the
COA, as happened here, is "in essence deciding an appeal

without jurisdiction". Id. The Circuit Judge's merits analysis
is not only misplaced, it is not legally or factually correct,
any more than the Magistrate's Report and Recommendation was.
Indeed, since the Circuit Judge's merits analysis so closely
mirrors the R&R in order, scope and finding, Freeman believes
it appropriate to include by reference here his Objections to
the Report and Recommendation even though he is under no
obligation to refute the Circuit Judge's analysis at this
point.

Even though Freeman is not required to refute the
Circuit Judge's merits analysis, it may be beneficial to
briefly mention a few salient points regarding the most
important issues.

Regarding Ground 8, corresponding with Issue #3(a),
the Circuit Judge simply stated that pursuant to United States
v Fern, the indictment was sufficient as to Counts 6, 18 and
29. The Circuit Judge failed to note that the majority in
McGarity also cited Fern, but then followed it up with a
"however" qualification. The majority stated an additional
requirement for "such a statement of the facts and
circumstances as will inform the accused of the specific
offense, coming under the general description, with which he
is charged.", citing United States v Schmitz, 634 F.3d 1247,
1261 (11th Cir 2011). McGarity @ 1235. It is this additional
statement which Freeman contends is lacking, and neither the
District Court nor the Circuit Judge has provided an answer as
to why Counts 6, 18 and 29 do not require this statement.

Regarding Ground 33, corresponding with Issue #4(a),
the Circuit Judge echoed the District Court in reminding us

all once again that "child pornography is not entitled to First Amendment protection." Freeman agrees wholeheartedly. What the Circuit Judge fails to note is that images (or videos) that are NOT pornographic, as Freeman claims is the case with the two videos shown at trial, are entitled to First Amendment protection. An image is not "pornographic" just because a prosecutor or FBI agent says it is.

In discussing Ground 31, corresponding to Issue #4(b), the Circuit Judge claims incorrectly that the McGarity panel already ruled on the claim and found "overwhelming evidence" in favor of the conviction. As Freeman pointed out in his Objections as well as his Reply in his §2255 Motion, this is patently false. Neither the Government, the District Court nor the Circuit Judge can point to such a specific finding. Because the McGarity panel was never asked to determine the evidence sufficiency of Counts 6, 18 or 29. Our system of justice requires that reasonable jurors unanimously find defendants guilty beyond a reasonable doubt of specific offense conduct charged under specific statutes, and requires that those jurors find beyond a reasonable doubt each essential element. All of this must occur without the use of inference or speculation. Against this backdrop, it is difficult to imagine that Freeman's convictions can be based solely on the government's claim that over the course of nearly two years it downloaded over 400,000 images of children (mostly legal ones) shared by 64 individuals in 6 different countries, especially since it never showed that Freeman advertised, transported, received or even was aware of the existence of those 400,000 images.

In addressing Ground 28, which corresponds to Issue #4(c), the Circuit Judge follows the Magistrate's lead in confusing "offense" with "evidence". Freeman is well aware that the Government can present more evidence at trial than it presented to the Grand Jury. Indeed, since the Grand Jury only needs probable cause and the trial jury needs reasonable doubt, it is almost a certainty that the evidence at trial will far exceed the evidence at Grand Jury. But the issue here is not evidence, it is offense. The law is clear that a defendant must be convicted of the offense the Grand Jury charged. A defendant indicted on a single count for robbing a Wells-Fargo Bank in Atlanta on Tuesday cannot be convicted of robbing a SunTrust Bank in Marietta on Friday under that count. Especially if the government never even mentions the Wells-Fargo robbery. The same rationale applies here. The government was required to prove Freeman posted a specific notice under Count 6. Any other notice would not be allowed. The McGarity panel even addressed this concept of the government alleging to have proven multiple substantive offense, rejecting the contention and pointing out that no matter how much evidence the government presented on additional offenses, the defendants were only charged with one specific advertisement or transportation. McGarity at 1250.

Regarding Ground 7, which corresponds with Issue #5, Freeman again points out that the precedent of this Court squarely forecloses the argument that granting permission to seize a computer or disc automatically permits a warrantless search. In United States v Odoni, 782 F.3d 1226 (11th Cir 2015), this Court pointed out that "the fact that police have

lawfully come into possession of an item does not necessarily mean they are entitled to search that item without a warrant. The contention that Freeman granted permission to actually search the seized items is not supported by the record, either through exhibits or testimony.

The Circuit Judge's analysis of Freeman's ineffective assistance of counsel claims are far off the mark, and much like the Magistrate's evaluation, fail to address many underlying ineffectiveness claims. Most glaring is the lack of discussion regarding trial counsel's failure to present any defense at all. The greatest deficiency in deciding ineffectiveness claims is the lack of any affidavits or testimony from the attorneys. This is a direct result of the failure to hold an evidentiary hearing.

### CONCLUSION

It is evident that errors occurred in the evaluation of Freeman's Request for a Certificate of Appealability, as shown above. Freeman firmly believes the record entitles him to a COA on every claim, even though this Court on reconsideration may choose to limit the COA to those issues that hold the greatest impact.

Respectfully submitted this 15th day of August, 2018.

⇔06947-017⇔
James Freeman
06947-017
United States Penitentiary
PO Box 24550
Tucson, AZ 85734
United States

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT


JAMES FREEMAN,

Defendant-Appellant,

v.                                    Case No. 16-17185

UNITED STATES OF AMERICA,

Plaintiff-Appellee.


MOTION FOR RECONSIDERATION

Comes now the Appellant, James Freeman, and requests that this Honorable Court reconsider the denial of his Request for a Certificate of Appealability in his §2255 Motion, as allowed by 11th Cir. R. 27-2. Freeman asks that this Court consider the following:


1). The Circuit Judge failed to address each of Freeman's issues for which a Certificate of Appealability was requested.

2). The Circuit Judge adjudicated the merits of Freeman's underlying claims, rather than limiting the inquiry to a threshold debatability question.

### DISCUSSION

1). Freeman's Request of a Certificate of
Appealability (COA) contained ten individual issues. Two were
procedural questions not addressing substantive claims, two
addressed ineffective assistance of counsel, five addressed
substantive claims encompassing several Grounds, and one
addressed a cumulative error claim. In undertaking a merits
analysis for Freeman's §2255 Grounds, the Circuit Judge
totally ignored the following three issues:

(A) Issue #1 asked if the District Court erred
by not holding an evidentiary hearing in Freeman's §2255 case.
The COA Request alone provides more than enough justification
for a finding of debatability amongst jurists of reason, not
to mention the sheer volume of non-conclusory facts that, if
true, would warrant relief, found throughout Freeman's §2255
Motion. In addition, this Court continues to reinforce the
precedent  that "[A] petitioner need only ALLEGE - not prove -
reasonably specific, non-conclusory facts...", most recently
in Griffith v United States, 871 F.3d 1321 (11th Cir 2017).

(B) Issue #2 asked if the District Court erred
in not addressing all of Freeman's constitutional claims, as
required by Clisby v Jones, 960 F.2d 925 (11th Cir 1992).
Reasonable jurists would find debatable the District Court's
failure to address ALL claims, as well as the failure to fully
 articulate for the benefit of this Court its reasoning in
rejecting each of Freeman's well-founded Objections to the
Report and Recommendation.

(C) Issue #10 asked if the District Court
erred in not finding cumulative error. Indeed, the District

Court did not even address the issue. Freeman recognizes that
appellate counsel for one of his codefendants raised a
cumulative error claim on direct appeal, and it was rejected
by the McGarity panel. But in his §2255 Motion, Freeman
includes substantive claims of ineffective assistance of
counsel that were not presented or available on direct
appeal.

(D) The Circuit Judge did indirectly address
each of Freeman's substantive issues, those based on
underlying Grounds of his §2255 Motion, by way of a merits
analysis. As shown below, however, this does not constitute
addressing the issue for purposes of granting or denying a COA
on those issues.

2). A court of appeals "should limit its examination
[at the COA stage] to a threshold inquiry into the underlying
merit of [the] claims," and ask "only if the District Court's
decision was debatable." Miller-El v Cockrell, 537 US 322, 327
(2003). The Supreme Court, in an opinion by the Chief Justice,
recently addressed the problem in Buck v Davis 580 US ___, 137
S.Ct. 759 (2017), stating that "The COA inquiry, we have
emphasized, is not coextensive with a merits analysis. At the
COA stage the only question is whether the applicant has shown
that "jurists of reason could disagree with the district
court's resolution of the constitutional claims or that
jurists could conclude the issues presented are adequate to
deserve encouragement to proceed further." Buck, 137 S.Ct. at
773, citing Miller-El. As the Chief Justice reiterated,
deciding the merits and then using that analysis to deny the
COA, as happened here, is "in essence deciding an appeal

without jurisdiction". Id. The Circuit Judge's merits analysis
is not only misplaced, it is not legally or factually correct,
any more than the Magistrate's Report and Recommendation was.
Indeed, since the Circuit Judge's merits analysis so closely
mirrors the R&R in order, scope and finding, Freeman believes
it appropriate to include by reference here his Objections to
the Report and Recommendation even though he is under no
obligation to refute the Circuit Judge's analysis at this
point.

Even though Freeman is not required to refute the
Circuit Judge's merits analysis, it may be beneficial to
briefly mention a few salient points regarding the most
important issues.

Regarding Ground 8, corresponding with Issue #3(a),
the Circuit Judge simply stated that pursuant to United States
v Fern, the indictment was sufficient as to Counts 6, 18 and
29. The Circuit Judge failed to note that the majority in
McGarity also cited Fern, but then followed it up with a
"however" qualification. The majority stated an additional
requirement for "such a statement of the facts and
circumstances as will inform the accused of the specific
offense, coming under the general description, with which he
is charged.", citing United States v Schmitz, 634 F.3d 1247,
1261 (11th Cir 2011). McGarity @ 1235. It is this additional
statement which Freeman contends is lacking, and neither the
District Court nor the Circuit Judge has provided an answer as
to why Counts 6, 18 and 29 do not require this statement.

Regarding Ground 33, corresponding with Issue #4(a),
the Circuit Judge echoed the District Court in reminding us

all once again that "child pornography is not entitled to
First Amendment protection." Freeman agrees wholeheartedly.
What the Circuit Judge fails to note is that images (or
videos) that are NOT pornographic, as Freeman claims is the
case with the two videos shown at trial, are entitled to First
Amendment protection. An image is not "pornographic" just
because a prosecutor or FBI agent says it is.

In discussing Ground 31, corresponding to Issue #4(b),
the Circuit Judge claims incorrectly that the McGarity panel
already ruled on the claim and found "overwhelming evidence"
in favor of the conviction. As Freeman pointed out in his
Objections as well as his Reply in his §2255 Motion, this is
patently false. Neither the Government, the District Court nor
the Circuit Judge can point to such a specific finding.
Because the McGarity panel was never asked to determine the
evidence sufficiency of Counts 6, 18 or 29. Our system of
justice requires that reasonable jurors unanimously find
defendants guilty beyond a reasonable doubt of specific
offense conduct charged under specific statutes, and requires
that those jurors find beyond a reasonable doubt each
essential element. All of this must occur without the use of
inference or speculation. Against this backdrop, it is
difficult to imagine that Freeman's convictions can be based
solely on the government's claim that over the course of
nearly two years it downloaded over 400,000 images of children
(mostly legal ones) shared by 64 individuals in 6 different
countries, especially since it never showed that Freeman
advertised, transported, received or even was aware of the
existence of those 400,000 images.

In addressing Ground 28, which corresponds to Issue #4(c), the Circuit Judge follows the Magistrate's lead in confusing "offense" with "evidence". Freeman is well aware that the Government can present more evidence at trial than it presented to the Grand Jury. Indeed, since the Grand Jury only needs probable cause and the trial jury needs reasonable doubt, it is almost a certainty that the evidence at trial will far exceed the evidence at Grand Jury. But the issue here is not evidence, it is offense. The law is clear that a defendant must be convicted of the offense the Grand Jury charged. A defendant indicted on a single count for robbing a Wells-Fargo Bank in Atlanta on Tuesday cannot be convicted of robbing a SunTrust Bank in Marietta on Friday under that count. Especially if the government never even mentions the Wells-Fargo robbery. The same rationale applies here. The government was required to prove Freeman posted a specific notice under Count 6. Any other notice would not be allowed. The McGarity panel even addressed this concept of the government alleging to have proven multiple substantive offense, rejecting the contention and pointing out that no matter how much evidence the government presented on additional offenses, the defendants were only charged with one specific advertisement or transportation. McGarity at 1250.

Regarding Ground 7, which corresponds with Issue #5, Freeman again points out that the precedent of this Court squarely forecloses the argument that granting permission to seize a computer or disc automatically permits a warrantless search. In United States v Odoni, 782 F.3d 1226 (11th Cir 2015), this Court pointed out that "the fact that police have

lawfully come into possession of an item does not necessarily mean they are entitled to search that item without a warrant. The contention that Freeman granted permission to actually search the seized items is not supported by the record, either through exhibits or testimony.

The Circuit Judge's analysis of Freeman's ineffective assistance of counsel claims are far off the mark, and much like the Magistrate's evaluation, fail to address many underlying ineffectiveness claims. Most glaring is the lack of discussion regarding trial counsel's failure to present any defense at all. The greatest deficiency in deciding ineffectiveness claims is the lack of any affidavits or testimony from the attorneys. This is a direct result of the failure to hold an evidentiary hearing.

### CONCLUSION

It is evident that errors occurred in the evaluation of Freeman's Request for a Certificate of Appealability, as shown above. Freeman firmly believes the record entitles him to a COA on every claim, even though this Court on reconsideration may choose to limit the COA to those issues that hold the greatest impact.

Respectfully submitted this 15th day of August, 2018.

⇔06947-017⇔
James Freeman
06947-017
United States Penitentiary
PO Box 24550
Tucson, AZ 85734
United States